UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CONNIE SMITH LEBLANC

VERSUS

TOWN OF JACKSON, ET AL.

CIVIL ACTION

NUMBER 14-488-SDD-SCR

### RULING MOTION TO COMPEL DISCOVERY

Before the court is the Motion to Compel Plaintiff to Produce Initial Disclosures filed by the defendants. Record document number 10. No opposition has been filed.

Defendants filed this motion on March 13, 2015 to compel plaintiff Connie Smith LeBlanc to produce her initial disclosures pursuant to Rule 26(a), Fed.R.Civ.P. Pursuant to the Scheduling Order issued November 13, 2014, the initial disclosures were to be made by December 5, 2014.[1] After encountering extreme difficulty contacting the plaintiff's counsel via telephone to prepare a joint status report, the defendants' counsel sent the plaintiff's counsel certified mail on January 22, 2015 to attempt to obtain plaintiff's initial disclosures and dates for a conference regarding discovery and depositions. Defendants asserted that the certified mail receipt was signed by the plaintiff's counsel on January 27, 2015. Defendants did not receive any response from the plaintiff's counsel and subsequently filed this motion.

Defendants have satisfactorily demonstrated their efforts to

---

[1] Record document number 8.

obtain the plaintiff's initial disclosures prior to filing its motion. There is no indication that the plaintiff served disclosures since the motion was filed, nor has the plaintiff responded to this motion or otherwise furnished any information indicating when her disclosures will be provided.[2]

In these circumstances, under Rule 37(a)(3)(A), Fed.R.Civ.P., the defendants are entitled to an order requiring the plaintiff to respond. Plaintiff will be required to provide her initial disclosures within 14 days. No objections will be allowed.[3]

Under Rule 37(a)(5)(A), Fed.R.Civ.P. if a motion to compel is granted or discovery is provided after filing, the court must require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that (1) the movant filed the motion before making a good faith attempt to obtain the discovery without court action, (2) the opposing party's failure was substantially justified, or (3) other circumstances make an award of expenses unjust. Defendants' motion shows that a good faith attempt was made to obtain the initial disclosures without court action. Nothing in the record indicates that the

---

[2] Pursuant to the scheduling order fact discovery was to be completed by February 27, 2015. Plaintiff did not object to the motion as untimely, and thus has waived this argument.

[3] Generally, discovery objections are waived if a party fails to timely object to interrogatories, production requests or other discovery efforts. *See*, *In re U.S.*, 864 F.2d 1153, 1156 (5th Cir.), *reh'g denied*, 869 F.2d 1487 (5th Cir. 1989); *Godsey v. U.S.*, 133 F.R.D. 111, 113 (S.D. Miss. 1990.)

plaintiff's failure was substantially justified or that there are any circumstances which would make an award of expenses unjust. Defendant did not claim a specific amount of expenses incurred in filing this motion. A review of the motion and memorandum supports the conclusion that an award of $250.00 is reasonable.

Defendants also requested that the plaintiff's claims be dismissed in the event she fails comply with the court order. Under Rule 37(c)(1)(A) a party who fails to provide information or identify a witness as required by Rule 26(a) or (e) is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. The court may also require the party failing to act, to pay of the reasonable expenses, including attorney's fees, caused by the failure; inform the jury of the party's failure; or impose the sanctions available under Rule 37(b)(2)(A)(i)-(vi).

At this time the record does not establish that plaintiff has act so egregiously to warrant automatic dismissal of her claims upon failure to comply with this ruling. If the plaintiff does not produce her initial disclosures within the time allowed by this ruling, additional sanctions pursuant to Rule 37(c)(1)(A) can be considered upon motion by the defendants.

Accordingly, the defendant's Motion to Compel Plaintiff to Produce Initial Disclosures is granted, in part. Plaintiff Connie Smith LeBlanc shall serve her initial disclosures pursuant to Rule

3

26(a), without objections and within 14 days. Pursuant to Rule 37(d)(3), the plaintiff shall pay to the defendants, within 14 days, their reasonable expenses in the amount of $250.00. Defendants' request for dismissal of the plaintiff's claims upon failure to comply with this ruling is denied, without prejudice, as premature.

Baton Rouge, Louisiana, April 23, 2015.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE